**Robert D. FOGLE, Plaintiff,**

v.

**SOUTHWESTERN BELL TELEPHONE CO., Defendant.**

**Civ. No. A 92 CA 237.**

United States District Court,
W.D. Texas,
Austin Division.

Sept. 16, 1992.

Malinda Ann Gaul, Kosub & Gaul, San Antonio, Tex., for plaintiff.

Robert H. Dawson, Jr., Southwestern Bell Telephone Co., San Antonio, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

SPARKS, District Judge.

Before the Court is Defendant Southwestern Bell Telephone's Motion to Strike Plaintiff's Jury Demand, filed May 7, 1992. Plaintiff originally filed this action in state court, seeking relief for alleged discriminatory employment practices committed by the defendant in violation of the Texas Commission on Human Rights Act, TEX. REV.CIV.STAT.ANN. art. 5221k (Vernon 1987 and Vernon Supp.1992). Plaintiff requests various forms of equitable and legal relief under Article 5221k, including an injunction, reinstatement, recovery of past and future lost wages, punitive damages, court costs, and attorney's fees. Defendant removed to this Court on the basis of diversity jurisdiction. Following removal the plaintiff filed a jury demand, to which Defendant responded by filing the motion now before the Court. Upon consideration of Defendant's motion, and for the reasons set out herein, this Court is of the opinion that the Motion to Strike Plaintiff's Jury Demand should be GRANTED.

### I.

Article 5221k's general purposes, as set forth in section 1.02(1), include providing for "the execution of the policies embodied in Title VII of the federal Civil Rights Act of 1964, as amended (42 U.S.C. Section 2000e et seq.)...." To that end, section 7.01 of Article 5221k authorizes various forms of equitable relief, including (but not limited to) an injunction, hiring or reinstatement with or without back pay, court costs, and attorney's fees. In these respects Article 5221k is very similar to its Title VII counterpart, which provides for equitable relief in the form of an injunction, hiring or reinstatement with or without back pay, costs, attorney's fees, or "any other equita-

ble relief as the court deems appropriate." 42 U.S.C. § 2000e–5. However, Title VII was recently amended by Congress through the enactment of the Civil Rights Act of 1991, which is codified under 42 U.S.C. § 1981a. Now, in addition to the equitable relief previously available, a party complaining under 42 U.S.C. § 2000e–5 may recover compensatory and punitive damages for unlawful intentional discrimination and may also demand a trial by jury when seeking those damages. Article 5221k has not yet been amended to provide for these additional forms of relief, which brings this Court to the issue raised by Plaintiff's jury demand: is the right to a federal jury trial, as currently provided for in Title VII, incorporated into Texas' Article 5221k?

In his response to Defendant's motion, Plaintiff correctly points out that, according to section 1.02(1), the purpose of Article 5221k is to provide for the execution of the policies embodied in Title VII. In light of the enactment of the Civil Rights Act of 1991, which provides for jury trials in cases involving intentional discrimination if a claimant seeks compensatory or punitive damages, Plaintiff asserts that the right to a jury trial now provided by Title VII must therefore also be provided by Article 5221k. This Court finds that reasoning unpersuasive.

## II.

To determine whether or not Plaintiff has a right to a federal jury trial, this Court must first ascertain if the Texas Legislature intended to provide for such a jury trial in Article 5221k. Then, this court must look at the Seventh Amendment of the United States Constitution to decide if it requires that a jury trial be provided, regardless of legislative intent. *Curtis v. Loether,* 415 U.S. 189, 191–94, 94 S.Ct. 1005, 1007–1008, 39 L.Ed.2d 260 (1974).

### A.

■ Before the 1991 Civil Rights Act was passed, the question of whether or not

Article 5221k provided for a jury trial in federal court was easier to determine. As already mentioned, section 7.01 of Article 5221k authorizes the recovery of various forms of equitable relief. In federal courts, equitable actions do not require a jury trial. *Tull v. United States,* 481 U.S. 412, 417, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987). The Fifth Circuit has specifically held that there is no right to a jury trial in Title VII actions for equitable relief. *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122, 1125 (5th Cir.1969). Hence, if the purpose of Article 5221k is to provide for the execution of the policies embodied in Title VII, and if both statutes authorize only equitable forms of relief, then actions under those statutes are limited to bench trials in federal court.[1]

Of course, with the enactment of the Civil Rights Act of 1991, Title VII now includes an express provision for a jury trial. However, this right to a trial by jury is only available to parties seeking "compensatory or punitive damages *under this section* [§ 1981a]" (emphasis added). 42 U.S.C. § 1981a(c). Plaintiff has elected to proceed solely under Article 5221k. Thus, not only has Plaintiff failed to seek compensatory or punitive damages under Title VII as required by the language of section 1981a(c), but he is also proceeding under a statute—Article 5221k—which on its face does not provide for the recovery of legal remedies in the form of compensatory or punitive damages.

■ To reach the conclusion that Article 5221k incorporates the right to a jury trial created by the 1991 Civil Rights Act, this Court would have to conclude that Article 5221k now provides for the recovery of compensatory and punitive damages, since without legal remedies there is no need for a jury trial in federal court. Yet this Court could find no cases in which state or federal courts granted legal relief in the form of compensatory or punitive damages under Article 5221k, and it is this

---

1. The only recorded federal district court case reviewing an action brought in part under Article 5221k was conducted as a bench trial. *Elst-*

*ner v. Southwestern Bell Telephone Co.,* 659 F.Supp. 1328 (S.D.Tex.1987).

Court's opinion that in the absence of an express provision by the state legislature to the contrary, the plaintiff is not eligible to receive a trial by jury on claims for compensatory or punitive damages when proceeding solely under Article 5221k.[2]

### B.

■ Even though Article 5221k does not provide for a jury trial in federal court, the Seventh Amendment's right to a jury trial still applies to statutory actions if the statute creates legal (as opposed to equitable) rights and remedies. *Curtis v. Loether*, 415 U.S. at 193, 94 S.Ct. at 1008. While it is true that in diversity cases the federal courts must apply the substantive law of the states, the right to a jury trial—based upon the characterization of a state-created claim as legal or equitable—is procedural and therefore strictly a matter of federal law. *Simler v. Conner*, 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1963). In determining how to characterize such a claim, federal courts are to examine the nature of the remedy sought. *Tull v. United States*, 481 U.S. at 416, 420, 107 S.Ct. at 1835, 1837; *Curtis v. Loether*, 415 U.S. at 195, 94 S.Ct. at 1009. Therefore, this Court must address in greater depth the issue of whether the relief available under Article 5221k is legal or equitable in nature.

■ Texas appellate courts have concluded that sections 7.01(c) and (d) of Article 5221k grant only forms of equitable relief. *Central Power & Light v. Caballero*, 804 S.W.2d 534, 541–543 (Tex.App.—San Antonio 1990, writ granted); *City of Austin v. Gifford*, 824 S.W.2d 735, 743 (Tex.App.—Austin 1992, no writ). Nevertheless, when determining the nature of Article 5221k's remedies, a federal court should also look to the analogous federal

provisions contained in Title VII and to the federal decisions interpreting Title VII. *See Gifford*, 824 at 739. Such an analysis will show that the Seventh Amendment also does not grant Plaintiff a right to a jury trial in the case at bar.

■ Although the Supreme Court has not ruled on whether there is a right to a jury trial under Title VII, the courts of appeal have routinely held that a jury trial is not required in Title VII actions. *Lytle v. Household Manufacturing, Inc.*, 494 U.S. 545, 110 S.Ct. 1331, 1335, n. 1, 108 L.Ed.2d 504 (1990); *Curtis v. Loether*, 415 U.S. at 197–98, 94 S.Ct. at 1009–1010. Prior to the enactment of the 1991 Civil Rights Act, these cases holding that no right to a jury trial existed under Title VII relied primarily upon the fact that the remedies available under Title VII were equitable in nature, with no express provisions for a jury trial anywhere in the statute. *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1125 (5th Cir.1969). Since Article 5221k provides for equitable relief similar to that provided for in the "old" Title VII, with no express provisions for legal remedies or for a jury trial anywhere in the statute, this Court concludes that Article 5221k's relief is strictly equitable in nature.

### III.

■ Plaintiff's Original Petition, which is based solely on Article 5221k, is limited to requesting only those damages authorized by Article 5221k. *See Central Power & Light Co. v. Caballero*, 804 S.W.2d at 543. While the list of relief available under section 7.01 is not exhaustive, the Texas Legislature expressly provided for only equitable forms of relief. Consequently, Plaintiff cannot recover any of the legal

---

**2.** In Texas courts, litigants in equitable actions have a limited right to trial by jury on ultimate issues of fact. *See State v. Texas Pet Foods, Inc.*, 591 S.W.2d 800, 803 (Tex.1979). Nevertheless, the only Texas case to directly address the right to a jury trial under Article 5221k held that it is "incumbent on the judge to first determine the expediency, necessity, or propriety of awarding [Plaintiff] equitable relief pursuant to sections 7.01(c) and (d) of the Act before submitting any

factual issues to the jury for determination." *Central Power & Light v. Caballero*, 804 S.W.2d 534, 541 (Tex.App.—San Antonio 1990, writ granted). Thus, even in state court actions brought under Article 5221k there is no absolute right to a jury trial; certain issues must be decided by the court before the plaintiff is permitted to go forward with his suit, and it is the court, not the jury, who ultimately awards equitable relief. *Id.*

damages he has requested, and he is not entitled to a jury trial in federal court on his remaining equitable claims.

 Furthermore, even if Article 5221k's general purposes provision did mean that all amendments to Title VII are automatically incorporated into Article 5221k, which this Court firmly believes is not the case, Plaintiff would still not be entitled to a jury in this case. Section 102 of the 1991 Civil Rights Act states "[i]f a complaining party seeks compensatory or punitive damages under this section ... any party may demand a trial by jury[.]" 42 U.S.C. § 1981a(c). While the Fifth Circuit has not ruled on the issue of the retroactive application of the right to a jury under the 1991 Act, it has held that a plaintiff is not entitled to compensatory or punitive damages when the illegal conduct occurred before the 1991 Act's effective date. *Landgraf v. USI Film Products*, 968 F.2d 427, 432 (5th Cir.1992). The conduct which Plaintiff complains of in his complaint occurred on or before January 23, 1991, approximately eight months before the Civil Rights Act of 1991 became effective on November 21, 1991. *See Pandya v. City of Chicago*, 1992 WL 198940, at *3 (N.D.Ill. August 12, 1992). Because Plaintiff would not be entitled to seek punitive or compensatory damages even if he had requested them under Title VII, section 101(2)(b) on its face does not allow Plaintiff to request a jury. *See* 42 U.S.C. § 1981a(c); *see also Pandya*, 1992 WL 198940, at *6.

### IV.

ACCORDINGLY IT IS ORDERED that Defendant's Motion to Strike Plaintiff's Jury Demand is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims under Article 5221k for the recovery of exemplary damages and damages for mental anguish are STRICKEN.