**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-20239

DAVID E. MURPHY,

Plaintiff-Appellee,

v.

UNCLE BEN'S, INC.

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

February 25, 1999

Before WISDOM, STEWART, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

The defendant in this case appeals the district court's order staying the plaintiff's federal suit under the Age Discrimination in Employment Act ("ADEA") pending resolution of the plaintiff's parallel state action under the Texas Commission on Human Rights Act ("TCHRA"). We conclude that the district court abused its discretion in abstaining from exercising its jurisdiction over the ADEA suit. We also reject the defendant's argument that Section 633(a) of the ADEA expressly authorizes federal courts to stay parallel state court actions.

## I.  Factual and Procedural Background

On April 11, 1997, plaintiff David E. Murphy ("Murphy") filed a complaint in the district court for the Southern District of Texas alleging discrimination in employment pursuant to the ADEA, 29 U.S.C. § 621 et seq. On the same date, Murphy filed a petition in the 129th Judicial District of Harris County, Texas, alleging discrimination in employment under the TCHRA, Texas Labor Code § 21.001 et seq. The parties agree that the two suits contain the same allegations based on the same set of facts. In August 1997, defendant Uncle Ben's, Inc. ("Uncle Ben's") filed answers to Murphy's state and federal suits.

In September 1997, the district court entered a scheduling order directing the parties to conduct one set of discovery under the Federal Rules of Civil Procedure that could be used in either state or federal court. In September 1997, the state court also entered a scheduling order. Thereafter, the parties exchanged one set of written discovery for purposes of both the state and federal litigation.

On September 26, 1997, Uncle Ben's filed a Motion to Stay Pending State Court Action, in which it asked the district court to stay the state court action until the adjudication of the federal ADEA action pursuant to 29 U.S.C. § 633(a) and Texas Labor Code § 21.211. Murphy did not file a response to Uncle Ben's motion to stay the state court proceeding.

On January 23, 1998, the district court issued an order *sua*

*sponte* staying and administratively closing the federal case.[1] Although the court cited *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976), as authority for abstention, the court did not discuss the four factors enunciated in *Colorado River,* or the two additional factors announced in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1 (1983). Uncle Ben's filed a Motion For Reconsideration of the district court's order, which the court denied. Uncle Ben's appealed.

## II. Standard of Review

Generally, this court reviews for abuse of discretion a district court's decision whether to stay proceedings; however, to the extent that a decision whether to stay rests on an interpretation of law, this court's review is de novo. *Sutter Corp. v. P&P Indus., Inc.,* 125 F.3d 914, 917 (5th Cir. 1997).

## III. Discussion

Uncle Ben's argues that: (1) the district court abused its discretion by staying the federal action under the *Colorado River* doctrine because exceptional circumstances did not exist for the court to abstain from exercising its jurisdiction; and (2) the district court erred as a matter of law by not staying the state court action because: (a) § 633(a) of the ADEA prevents the plaintiff from maintaining parallel state and federal age discrimination lawsuits; and (b) the election of remedies provision

---

[1] Although Uncle Ben's did not ask for a stay of the federal ADEA suit, abstention may be raised by the court *sua sponte*. *Bellotti v. Baird,* 428 U.S. 132, 143 n.10 (1976); *BT Inv. Managers, Inc. v. Lewis,* 559 F.2d 950, 954 n.16 (5th Cir. 1977).

of the TCHRA prohibits the plaintiff from maintaining simultaneous actions under the ADEA and the TCHRA.

## A. Abstention From Exercising Federal Jurisdiction Under the *Colorado River* Doctrine

Because of the "virtual unflagging obligation of the federal courts to exercise the jurisdiction given them," as between state and federal courts, the rule is that "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Colorado River,* 424 U.S. at 817 (quoting *McClellan v. Carland,* 217 U.S. 268, 282 (1910)). However, in "extraordinary and narrow" circumstances, a district court may abstain from exercising jurisdiction over a case when there is a concurrent state proceeding, based on considerations of "'[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* at 813, 816 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

While declining to prescribe a "hard and fast rule," the Supreme Court has set forth six factors that may be considered and weighed in determining whether exceptional circumstances exist that would permit a district court to decline exercising jurisdiction: (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6)

4

the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 285-86 (1995) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1 (1983)); *see also Evanston Ins. Co. v. Jimco, Inc.,* 844 F.2d 1185, 1190-91 (5th Cir. 1988). The decision whether to surrender jurisdiction because of parallel state court litigation does not rest on a "mechanical checklist" of these factors, but on a "careful balancing" of them, "as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone,* 460 U.S. at 16.

**(1) Assumption by Either Court of Jurisdiction Over a Res**

This case does not involve any res or property over which any court, state or federal, has taken control. The absence of this factor is not, however, a "neutral item, of no weight in the scales." *Evanston,* 844 F.2d at 1191. Rather, the absence of this first factor weighs against abstention. *Id.*

**(2) The Relative Inconvenience of the Forums**

The federal and state court suits are both in south Texas. The parties agree that this factor is inapplicable. Therefore, its absence weighs against abstention. *Id.*

**(3) The Avoidance of Piecemeal Litigation**

These cases do not involve piecemeal litigation, i.e., there is "no more than one plaintiff, one defendant, and one issue." *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 590 (5th Cir. 1994). The federal and state cases involve the same plaintiff, the same defendant, and the same issue, *viz.,* whether Uncle Ben's

5

discriminated against Murphy in employment on the basis of age. This parallel litigation is duplicative, not piecemeal; "[t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination." *Evanston,* 844 F.2d 1192 (citing *Colorado River,* 424 U.S. at 817). The only bar to dual prosecution is dismissal due to *res judicata*. This factor weighs against abstention.

### (4) The Order in Which Jurisdiction Was Obtained
### By the Concurrent Forums

The priority element of the *Colorado River/Moses H. Cone* balance "'should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" *Evanston,* 844 F.2d at 1190 (quoting *Moses H. Cone,* 460 U.S. at 21). Both the federal and state court suits were filed the same day. Uncle Ben's has filed answers in both suits. Both courts have issued scheduling orders. The district court's scheduling order provided that although only one set of written discovery would be served by each party, the discovery would pertain to both the federal and state causes of action, albeit governed by the Federal Rules of Civil Procedure. Pursuant to agreement of counsel, Murphy's deposition was taken in both the state and federal suits. The Supreme Court has emphasized that a factor favoring dismissal of a federal suit is "the apparent absence of any proceedings in the District Court, other than the filing of the complaint." *Colorado River,* 424 U.S. at 820. In the instant cases, the state and federal suits are proceeding at

approximately the same pace.  Therefore, this factor weighs against abstention.

### (5) Whether and to What Extent Federal Law Provides the Rules of Decision on the Merits

The purpose of the TCHRA is to coordinate and conform with federal law under Title VII and the ADEA.  *See Caballero v. Central Power and Light Co.,* 858 S.W.2d 359, 361 (Tex. 1993).  "Texas courts 'may consider how the federal act [the Federal Civil Rights Act] is implemented under clauses similar to those at issue in the Texas act.'"  *Id.* (quoting *Eckerdt v. Frostex Foods, Inc.,* 802 S.W.2d 70, 72 (Tex. App. -- Austin 1990, no writ)).  Therefore, in reviewing an employment discrimination claim under the TCHRA, Texas state courts are guided by both state law and federal precedent.  *See Schroeder v. Texas Iron Works,* 813 S.W.2d 483, 485 (Tex. 1991).  Federal law may be applied in the absence of state decisional law.  *See Elstner v. Southwestern Bell Tel. Co.,* 659 F. Supp. 1328, 1345 (S.D. Tex. 1987), *aff'd,* 863 F.2d 881 (5th Cir. 1988); *Fogle v. Southwestern Bell Tel. Co.,* 800 F. Supp. 495, 498 (W.D. Tex. 1992).

"The presence of a federal law issue 'must always be a major consideration weighing against surrender [of jurisdiction],' but the presence of state law issues weighs in favor of surrender only in rare circumstances."  *Evanston,* 844 F.2d at 1193 (quoting *Moses H. Cone,* 460 U.S. at 26).  Because these cases involve both federal and state rules of decision, this factor weighs against abstention.

### 6) The Adequacy of State Proceedings In Protecting the Rights of the Party Invoking Federal Jurisdiction

The Supreme Court has declared:

> When a district court decides to dismiss or stay under *Colorado River,* it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all. Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.

*Moses H. Cone,* 460 U.S. at 28 (citations omitted).

Murphy argues that although it is likely that no further resort to the federal forum in this case will be necessary, given that a decision on the merits would likely have a *res judicata* effect, it could become necessary if he is not found in compliance with certain procedural deadlines under the TCHRA.

This final consideration can only be "a neutral factor or one that weighs against, not for, abstention." *Evanston,* 844 F.2d at 1193. However, even if this factor weighed in favor of abstention, alone it would not be sufficient to present the "exceptional circumstances" required for the district court to decline to exercise its jurisdiction.

Because the balancing of these factors "is heavily weighted in favor of the exercise of jurisdiction," in the absence of "only the clearest of justification," the district court abused its discretion in staying the federal court proceeding pending resolution of the state court suit.

**B. District Court's Authority to Stay State Court Suit**

8

**Under 29 U.S.C. § 633(a) and Texas Labor Code § 21.211**

Under the federal Anti-Injunction Act, federal courts have no authority to enter an injunction staying state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. No party asserts that the second or third exceptions apply in this case.

### (1) ADEA § 633(a)

Uncle Ben's argues that § 633(a) of the ADEA requires the district court to stay the parallel state court proceeding. Section 633(a) provides that:

> **(a) Federal action superseding State action:** Nothing in this Act shall affect the jurisdiction of any agency of any State performing like functions with regard to discriminatory employment practices on account of age except that upon commencement of action under this Act such action shall supersede any State action.

29 U.S.C. § 633(a).[2]

Uncle Ben's argues that the Congressional intent of § 633(a) is to authorize federal courts to stay parallel state court proceedings pending resolution of the ADEA suit in federal court. In support of its argument, Uncle Ben's cites the Senate Report from the 1978 amendments to the ADEA:

> [I]f a lawsuit under a state age discrimination law is pending at the time a

---

[2] The 1967 legislative history of the ADEA indicates that the word "supersede" means "stay." *See* H.R. No. 805, 90th Cong., 1st Sess. 2 (1967), *reprinted in* 1967 U.S.C.C.A.N. 2213, 2224. *See also Dunlop v. Pan American World Airways, Inc.,* 672 F.2d 1044, 1049-50 (2d Cir. 1982).

> suit under the ADEA is filed, the state lawsuit would have to be immediately held in abeyance, pending a final resolution of the federal litigation or a determination that the federal and state actions are not coterminous in nature.

S. REP. No. 493, 95th Cong., 2d Sess. 5 (1978), *reprinted in* 1978 U.S.C.C.A.N. 504, 509 (quoted in *Fiorenza v. First City Bank-Central,* 710 F.Supp. 1104, 1105 (E.D. Tex. 1988) (staying pendent TCHRA cause of action pending outcome of ADEA claim)).

The U.S. Supreme Court, however, has declared that "Senate Report No. 95-493 was written 11 years after the ADEA was passed in 1967, and such '[l]egislative observations . . . are in no sense part of the legislative history.' 'It is the intent of the Congress that enacted [the section] that controls.'" *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 758 (1979) (alterations in original) (citations omitted) (holding that under § 633(b) of the ADEA, in States with agencies empowered to remedy age discrimination in employment, a grievant may not bring suit under the ADEA unless he first has commenced a proceeding with the appropriate state agency).

Whatever evidence is provided by the 1978 Committee Report of the intent of Congress in 1967, it is insufficient to overcome the plain language of § 633(a). In *Promisel v. First American Artificial Flowers, Inc.,* 943 F.2d 251 (2d Cir. 1991), *cert. denied,* 502 U.S. 1060 (1992), the Second Circuit examined this plain language, reasoning that:

> [t]he "supersede" language comes at the end of a sentence which deals exclusively with the jurisdiction of state agencies performing

10

> "like" functions in handling age
> discrimination claims[.] . . . It seems
> logical to assume then that the "state action"
> referred to in the supersession provision is
> the same type of "state action" that is the
> subject of the first part of the sentence --
> that of state agencies handling claims of
> employment discrimination. This is the only
> variety of state action the section addresses.
> To read "state action" more broadly to include
> actions independent of those handled by state
> agencies -- including state court actions --
> would be to divorce those words from the
> context in which they appear -- a statutory
> provision recognizing the power of state
> agencies to handle discrimination claims on
> their own.

*Id.* at 255-56. Therefore, under a plain reading of § 633(a), a federal court is authorized to stay only state administrative proceedings involving claims of age discrimination, not state court suits under statutes such as the TCHRA. *See id.* at 256.

Hence, we conclude that § 633(a) does not constitute express Congressional authorization for federal courts to enter injunctions staying state judicial proceedings involving parallel state law age discrimination claims.

### (2) TCHRA § 21.211

Uncle Ben's also argues that § 21.211 of the TCHRA prevents simultaneous lawsuits under the ADEA and the TCHRA. Implicit in Uncle Ben's argument is that this state law provision authorizes federal courts to stay parallel state court proceedings. Section 21.211, entitled "Election of Remedies," provides that:

> A person who has initiated an action in a
> court of competent jurisdiction or who has an
> action pending before an administrative agency
> under other law or an order or ordinance of a
> political subdivision of this state based on
> an act that would be an unlawful employment

11

> practice under this chapter may not file a complaint under this subchapter for the same grievance.

Tex. Lab. Code Ann. § 21.211 (West 1998).

Uncle Ben's cites no authority for the argument that this provision of state law empowers federal courts to stay state court actions. Moreover, it is without merit. Federal courts are courts of limited jurisdiction and only Congress may expand or retract the limits of federal judicial power. *United Gas Pipeline Co. v. Whitman,* 595 F.2d 323, 330 (5th Cir. 1979).

## IV. Conclusion

Based on the foregoing, the district court's abstention stay order is reversed, and this case is remanded for proceedings consistent herewith.

REVERSED and REMANDED.