IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-10385

_____


ART 57 PROPERTIES, INC.,

Plaintiff-Appellant,

versus

57 BB PROPERTY, LLC; MILEWOOD
INTERNATIONAL, INC.; CORWOOD
ENTERPRISES, INC.; EDGEMONT
ENTERPRISES, INC.; BOSWORTH
ENTERPRISES, INC.; SURREY HILL
ENTERPRISES, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Texas
(7:99-CV-30-P)
_____

Aril 7, 2000

Before POLITZ, JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The plaintiff, ART 57 Properties, Inc., seeks review of the district court's judgment granting the defendants' motion to dismiss based on the doctrine of abstention as provided in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), and as applied by our court in Murphy v. Uncle Ben's, Inc., 168 F.3d 734 (5th Cir. 1999). After carefully reviewing the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

record, the briefs, and the order of the district court, we cannot say that the district court abused its discretion in applying the factors outlined by our court in <u>Uncle Ben's</u>. <u>See</u> <u>Uncle Ben's</u>, 168 F.3d at 738. The evidence in the record is convincing that the federal cause of action was filed by ART 57 after substantial progress was made in the state court action, that the prosecution of the two actions simultaneously could result in inconsistent verdicts, that federal law plays no part in deciding the merits of this case, and that ART 57's later filed federal court action indicates forum shopping. Consequently, the district court did not abuse its discretion in abstaining from exercising its jurisdiction over this cause.

We thus conclude that the judgment of the district court dismissing ART 57's complaint should be, and the same is

A F F I R M E D.

2