IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-30662

Summary Calendar

HAROLD COUTCHER,                              Plaintiff-Appellant,

versus

LOUISIANA LOTTERY CORPORATION;
DANNY JACKSON                                 Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Louisiana
(97-CV-372)

October 6, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Appellant contends that he was terminated from his job as a
regional manager for the Louisiana Lottery Corporation ("LLC")
because of his race and age.[1] Coutcher urges us to overturn the
decision of the district court granting summary judgment in favor
of defendants.[2] He also asks us to overturn the court's denial of

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Coutcher, who is Caucasian, was 61 when terminated.

[2] We are only asked to decide the propriety of the court's
grant of judgment on Coutcher's 42 U.S.C. § 1981 and § 1983 claims.

his motion to stay federal proceedings in favor of a parallel state proceeding, as well as his motion to amend his complaint. We decline this invitation.

The district court had ample, uncontroverted evidence upon which to base its grant of summary judgment. Although the court did not have the guidance of the Supreme Court's decision in *Reeves v. Sanderson Plumbing Products Co.*,[3] it specifically held that Coutcher failed to demonstrate that the reasons for his discharge were pretextual.[4] The court cited "overwhelming" evidence that the discharge was based on Coutcher's inadequate job performance. Coutcher failed to dispute the fact that numerous employees filed complaints; that Jackson investigated the complaints and ordered him to rectify the situation; and that he disobeyed Jackson's clear directive that regional managers not leave the office on days when terminal extractions were undertaken.

Croutcher's evidence of pretext is either irrelevant or insufficient as a matter of law. Plaintiff's claim that a similarly-situated black male was not terminated fails to meet the requirement that such evidence be "nearly identical" to the facts at issue.[5] Moreover, the allegedly racist comments by Jackson were

---

[3] 120 S. Ct. 2097 (2000).

[4] *See Reeves*, 120 S. Ct. at 2106.

[5] *See Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 304 (5th Cir. 2000).

2

stray remarks not relevant to Coutcher's termination.[6] Inadequate sample size invalidates Coutcher's statistical evidence regarding the hiring and termination of regional managers.[7] At the district court level, Coutcher also failed to contradict testimony that the proposed disciplinary procedures were not in effect at the time of his termination; his argument on this ground therefore fails.

The fact that Jackson and Shuford were employees of LLC does not mean that this Court must disregard their testimony as "interested witnesses" for purposes of summary judgment. Adoption of such a position is not compelled by *Reeves*,[8] and would render it virtually impossible for defendants to obtain summary judgment in discrimination cases, where the testimony of other employees is central to their resolution.[9]

The district court did not abuse its discretion in refusing to grant Coutcher's motion to stay. The putative impact on state finances by an adverse judgment in this case - i.e., a possibly

---

[6] *See Sreeram v. Louisiana State Univ. Med. Center-Shreveport*, 188 F.3d 314, 320-21 (5th Cir. 1999); *Bennett v. Total Minatome Corp.*, 138 F.3d 1053, 1061 (5th Cir. 1998).

[7] *See Scott v. University of Mississippi*, 148 F.3d 493, 510 (5th Cir. 1998); *Smith v. Western Electr. Co.*, 770 F.2d 520, 525-28 (5th Cir. 1985).

[8] Coutcher cites *Reeves*, 120 S.Ct. at 2110.

[9] *See Boze v. Branstetter*, 912 F.2d 801, 807 (5th Cir. 1990) (condemning restriction on summary judgment motions that would render them "meaningless, time-consuming, and expensive exercises").

3

diminished contribution from the LLC's surplus to the State - is too indirect and attenuated for Eleventh Amendment purposes.[10] Nor do extraordinary circumstances mandate abstention.[11]

Finally, we do not discern an abuse of discretion in the court's refusal to grant leave to amend. The motion was untimely filed[12] and was entered after Coutcher repeatedly failed to amend his complaint to include state law claims. The questionable timing of the filing - i.e., on the eve of the district court's summary judgment determination - indicates possible bad faith.[13] Granting the motion also would have conceivably prejudiced defendants.[14] In light of the preceding, the district court's judgment is therefore AFFIRMED.

AFFIRMED.

---

[10] *See Pendergrass v. Greater New Orleans Expressway Comm'n*, 144 F.3d 342, 345 (5th Cir. 1998).

[11] *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813-14 (1976); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999) (finding that parallel litigation was duplicative, not piecemeal, and stating that "the prevention of duplicative litigation is not a factor to be considered in an abstention determination").

[12] *See Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).

[13] *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139-40 (5th Cir. 1993).

[14] *See Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667 (5th Cir. 1981).