IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10960
Summary Calendar
_____


ADAM LEE ORMAND,

                                        Plaintiff-Appellant,

versus

PAUL MORALES, Major;
ET AL.,

                                        Defendants,

PAUL MORALES, Major; MICHAEL
PARMER; ESTANISLADO MORENO,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:00-CV-183
--------------------
July 30, 2002

Before  BARKSDALE, BENAVIDES, and  DENNIS, Circuit Judges.

PER CURIAM:[*]

     Adam Lee Ormand, Texas prisoner number 604729, appeals the judgment in favor of the defendants in his 42 U.S.C. § 1983 civil rights suit.  Ormand argues that the magistrate judge should have appointed counsel to represent him, but he has not shown that his

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is the exceptional civil case in which the appointment of counsel is warranted. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). He thus has not shown that the magistrate judge abused her discretion in denying his repeated requests for the appointment of counsel. See Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986).

Ormand contends that the magistrate judge should have allowed him to amend his complaint to add more defendants to the instant suit. However, he has not shown the magistrate judge's refusal to allow this amendment harmed him, as these individuals were already defendants in another suit that Ormand had filed. See Bazrowx v. Scott, 136 F.3d 1053, 1054-55 (5th Cir. 1998).

Ormand argues that the magistrate judge should have granted his motion to stay the proceedings. Ormand has not shown how the denial of this motion constitutes an abuse of the magistrate judge's discretion, as he has not shown that this ruling inhibited his ability to present his case. See Murphy v. Uncle Ben's, Inc., 168 F.3d 734, 737 (5th Cir. 1999).

Ormand contends that the magistrate judge erred in not sanctioning defense counsel for alleged discovery abuses and for failure to comply with the magistrate judge's scheduling order. Ormand has not shown that the magistrate judge erred in not sanctioning defense counsel. Ormond likewise has not shown that the magistrate judge abused her discretion in refusing to let him call certain witnesses to testify at trial, as he has not shown

that these proposed witnesses have personal knowledge of the events underlying this suit.  See Wyvill v. United Companies Life Insurance Co., 212 F.3d 296, 302 (5th Cir. 2000), cert. denied, 531 U.S. 1145 (2001); FED. R. EVID. 602.

Ormand's argument that the magistrate judge erred in granting defendant Moreno's FED. R. CIV. P. 50 motion for judgment as a matter of law is unavailing.  Ormand has not shown that the evidence he adduced at trial was legally sufficient for a jury to return a verdict for him on his claims against Moreno.  See Price v. Marathon Cheese Corp., 119 F.3d 330, 333 (5th Cir. 1997).

Ormand's final argument is that the evidence is legally insufficient to uphold the jury's verdict in favor of defendants Parmer and Morales.  Because there is some evidence to support this verdict, we will uphold it.  See United States ex rel. Wallace v. Flintco, Inc., 143 F.3d 955, 963-64 (5th Cir. 1998); Daigle v. Liberty Life Ins. Co., 70 F.3d 394, 397 n.2 (1995).  The judgment of the trial court is AFFIRMED.