Joann DINZIK and Anderson Pathology
Associates, Plaintiffs,

v.

HANSON GALLERIES, Defendant.

Civ. A. No. H–81–2558.

United States District Court,
S.D. Texas,
Houston Division.

Nov. 5, 1982.

A.J. Watkins, Houston, Tex., for plaintiffs.

Jim L. Garcia, Andres P. Chaumont, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

SINGLETON, Chief Judge.

This diversity action arises out of the purchase of several art works by Joann Dinzik ("Dinzik"), a Texas resident, and Anderson Pathology Associates ("Anderson"), a Texas corporation with its sole place of business in Texas, from Hanson Galleries ("Hanson") a California corporation doing business in Louisiana. The purchases at issue were made by Dinzik, individually and on behalf of Anderson, from Hanson's gallery in Louisiana in April 1981, and payment was later refused. Hanson filed suit against Dinzik and Anderson in state court in Louisiana for breach of contract on May 15, 1981. Dinzik and Anderson filed an answer denying Hanson's allegations. The Louisiana suit is presently pending and in the discovery stage. On November 11, 1981, Dinzik and Anderson filed the present action in which they request that this court declare that the contracts which are the subject of the Louisiana suit are void. They further request that this court enjoin Hanson from collecting the monies at issue and from reporting their failure to pay the monies as an unpaid obligation to any credit bureau.

Hanson filed a motion to dismiss this case on the basis of the pending state action, which motion is now before the court. For the reasons set out below, this court is of the opinion that Hanson's motion to dismiss should be denied, but that all further proceedings in this action should be stayed until the completion of the pending state court proceeding, or until further order of this court.

While the mere pendency of an action involving the same parties and transaction in state court does not require the federal court to refuse to hear an action, *see Kline v. Burke Construction Co.,* 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922), the federal court has discretion not to hear an action when a suit is pending in state court between the same parties which will dispose of the issues in dispute between the federal litigants. *Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). This rule applies to cases in equity, such as the present one, involving requests for declaratory and injunctive relief from the federal court. *Id.; PPG Industries, Inc., v. Continental Oil Co.,* 478 F.2d 674 (5th Cir.1973).

The factors to be considered in determining whether the federal court should yield to the state court rather than proceed concurrently include 1) whether the state action provides an adequate vehicle for adjudicating the claims of the parties; 2) which suit was filed first; 3) whether the state court action will proceed without undue delay; and, 4) whether there are any unique factors which bear on the fairness of the stay to the parties. *PPG Industries, Inc. v. Continental Oil Co.,* 478 F.2d at 682–83.

All of the factors set out above have been considered and are grounds for this court's decision to yield at this time to the state proceeding. First, the same issues and the same parties are before the Louisiana court as are now before this court. The Louisiana court is perfectly capable of resolving the issues under the appropriate law, which is likely to be Louisiana law. Second, the state action was filed almost six months before the state court defendants chose to bring this action in a Texas federal court. Third, the parties in the state court action are presently in the discovery stages, and there is no indication that the state proceeding will be unduly delayed. Finally, there are no unique factors in this case which would favor this court proceeding concurrently with the state court.

While this court is of the opinion that it should defer to the state court proceeding, we believe the proper method is by granting a stay, rather than dismissing the proceeding. While dismissal may be appropriate, a stay will permit this court to proceed, if necessary, in the future, should the state action be unreasonably delayed. *See Industries, Inc. v. Continental Oil Co.,* 478 F.2d at 682; *Aetna State Bank v. Altheimer,* 430 F.2d 750 (7th Cir.1970).

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED the defendant's motion to dismiss be DENIED, and that this action be STAYED until the completion of *Hanson Galleries v. Anderson Pathology Associates and Joanne Dinzik,* No. 81–770, Civil District Court for the Parish of Orleans, Louisiana, Division D (filed May 15, 1981), or until further order of this court.