**Bruce BASKIN, Plaintiff–Appellant,**

v.

**BATH TOWNSHIP BOARD OF ZONING APPEALS, et al., Defendants–Appellees.**

No. 92–4375.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 19, 1993.

Decided Feb. 2, 1994.

Robert M. Gippin (argued and briefed), Buckingham, Doolittle & Burroughs, Akron, OH, for plaintiff-appellant.

Joseph M. Holden (briefed), John W. Solomon, and William E. Baisden (argued), Brouse & McDowell, Akron, OH, for defendants-appellees.

Before: MARTIN and RYAN, Circuit Judges; and EDGAR, District Judge.*

RYAN, Circuit Judge.

Plaintiff Bruce Baskin appeals the district court's *sua sponte* decision to dismiss this case on *Colorado River* abstention grounds. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47

L.Ed.2d 483 (1976). The sole issue is whether that dismissal was proper. We conclude that it was not and remand the case to the district court.

## I.

Baskin planned to construct five amateur radio towers and antennae on his residential real estate in Bath Township, Ohio. Because the towers would exceed the applicable local height restrictions, he was required to seek the approval of the Board of Zoning Appeals. After a series of hearings, the Board voted to permit the construction of the towers, provided certain conditions were met.

On July 13, 1992, the homeowners who had opposed the variance filed suit in the Summit County Court of Common Pleas arguing that, for a number of reasons, the variance should not have been permitted. Baskin was not a party to the case when the suit was filed, although he moved to intervene on July 15, 1992. That same day, Baskin filed an action in federal district court, alleging that the conditions imposed by the Board failed to reasonably accommodate his use of his FCC amateur radio operator's license and violated his federal constitutional rights to equal protection and substantive due process. The complaint also raised two state law issues.

The Summit County Court granted Baskin's motion to intervene in the first suit, whereupon he removed the action to federal court and attempted to consolidate it with his previously pending federal action. The plaintiffs in the newly removed state court action moved to remand to the state court, and the defendants in the federal action filed a motion for partial summary judgment.

On November 20, 1992, the district court entered a memorandum opinion and order which granted the motion to remand, denied as moot the summary judgment motion, and *sua sponte* dismissed the federal court action on *Colorado River* abstention grounds. Baskin appealed the abstention portion of this order. The day after he filed his notice of appeal, Baskin filed a state court action

---

* The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennes-
see, sitting by designation.

which essentially duplicated the federal action dismissed by the district court.

## II.

In arguing that abstention was improper, Baskin first contends that no parallel state court action existed at the time the federal court entered its abstention order. In support of this argument, Baskin notes that the state court action in which he was an intervenor and which the district court thought was a parallel action was brought by home-owners who sought to overturn the variance granted to Baskin and prevent the construction of any radio towers and antennae which exceeded the local zoning restrictions. In short, the homeowners thought the variance went too far. Intervenor Baskin was defending the propriety of the variance in the state court. In the federal court action, Baskin claimed that the variance did not go far enough, and consequently, under federal law, did not "reasonably accommodate" his amateur radio license.

## III.

In *Traughber v. Beauchane,* 760 F.2d 673, 675–76 (6th Cir.1985), this court articulated the proper standard for reviewing abstention decisions by district courts. In that case, we held:

Because theories of state and federal law, and expressions of federalism and comity, are so interrelated in the decision to abstain such dispositions are elevated to a level of importance dictating *de novo* appellate review.

*Id.* at 676. Although the merits of *Traughber* concerned *Younger*[1] abstention, rather than *Colorado River* abstention, the *Traughber* reasoning as to the standard of review has been applied to *Colorado River* abstention. *See Heitmanis v. Austin,* 899 F.2d 521, 527 (6th Cir.1990).

## IV.

The Supreme Court first articulated the doctrine now known as *Colorado River* abstention in the case of *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). This doctrine allows federal courts to abstain from deciding a federal court action in deference to a pending state court action. Such abstention, however, is only appropriate in extraordinary circumstances. *Id.* at 817, 96 S.Ct. at 1246. The Court clarified the doctrine in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). There, the Court reviewed the factors to be considered in determining whether abstention under *Colorado River* is appropriate. The Court listed five primary factors:

(1) whether federal or state law provides the basis for decision of the case;

(2) whether either court has assumed jurisdiction over any *res* or property;

(3) whether the federal forum is less convenient to the parties;

(4) avoidance of piecemeal litigation; and

(5) the order in which jurisdiction was obtained.

*Id.,* 460 U.S. at 15–16, 103 S.Ct. at 936–37. A court may also consider the progress that has been made in the state and federal actions. *Id.* These factors, however, do not comprise a mechanical checklist. Rather, they require "a careful balancing of the important factors as they apply in a given case, with the balance heavily weighed in favor of the exercise of jurisdiction." *Id.* at 16, 103 S.Ct. at 937.

This court's first interpretation of the doctrine after the *Moses H. Cone* decision came in *Crawley v. Hamilton County Commissioners,* 744 F.2d 28 (6th Cir.1984). In *Crawley,* the court concluded that before a court reaches the factors articulated in *Moses H. Cone,* it must first determine whether a parallel state-court action exists, otherwise the district court would have nothing in favor of which to abstain. *Id.* at 31, 103 S.Ct. at 944. The court in *Crawley* framed this issue as follows:

A necessary requirement for application of this *Colorado River* doctrine, however, is the presence of a *parallel,* state proceeding. In our case, there is no such proceed-

1. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27    L.Ed.2d 669 (1971).

ing.... While it may be true, as the [defendant] maintains, that [the state court proceeding] *could* be modified so as to make it identical to the current federal claim, that is not the issue here. The issue is whether [the state court proceeding], as it *currently* exists, *is* a parallel, state-court proceeding. Because it is not, we need not undertake the five-factor analysis called for in *Moses H. Cone Memorial Hospital. Id.*

This factor and the "availability of complete relief" factor discussed in *Heitmanis,* 899 F.2d at 527, are, for all practical purposes, identical. The *Heitmanis* court did not discuss the necessity of a parallel state-court proceeding. The court did, however, accurately state that the *Moses H. Cone* opinion discussed the issue of whether complete relief was available in the state courts. In *Heitmanis,*

> [t]he key issue in deciding whether abstention was proper is whether complete relief was obtained in state court; if so, then the court properly abstained from deciding the case....
>
> ....
>
> ... [I]n the instant case, the [state] court considered the constitutional arguments only briefly in its oral decision. Its curt mention of the constitutional question demonstrates the inadequacy of the state forum. Thus, due to the additional issues raised in the federal complaint and the failure of the state court to adequately address the constitutional questions, we conclude that the district court should not have abstained under the *Colorado River* doctrine.

*Id.* 899 F.2d at 528.

In analyzing the parallelism factor, it is immediately apparent that the state and federal actions involved in this case do not possess the required identity of parties and issues. The two actions arise out of the same basic facts, but they each contest a different aspect of the variance granted by the Township zoning board and they seek different relief. The state court action, in which Baskin intervened as a defendant, was brought by disgruntled homeowners against both the Township and the Board. The homeowners argued that the variance granted by the Board was excessive. The federal court action, however, was brought by Baskin against the Township and the Board. In this suit, Baskin argued that the variance was too restrictive. The homeowners were not parties to the federal case.

■ Despite the very different theories advanced by the plaintiff homeowners and by Baskin in the two actions, the Township defendants argue that the state-court action was a parallel proceeding to the federal action. They contend first that Baskin did not attempt to raise his claims in the state court action, so any argument that he could not have raised them there is merely speculative. They argue secondly that should this court find that the original state court action was not a parallel proceeding, a precisely parallel state court action now exists because Baskin filed such a suit the day after his federal court action was dismissed.

As to the first point, although it is possible that Baskin could have brought a cross-claim in the state court action, the *Crawley* case teaches that, in deciding whether a state action is parallel for abstention purposes, the district court must compare the issues in the federal action to the issues actually raised in the state court action, not those that might have been raised. As to the defendants' second point, it suffices to say that this court can review a district court's decision only in light of the facts known and existing at the time of that decision. Any subsequent developments obviously could not have been considered by the district court and are thus not before us for appellate review. Consequently, it is irrelevant that Baskin filed what concededly may be an action parallel to his federal law suit after the federal case was remanded. Indeed, but for the dismissal of the federal case on abstention grounds, Baskin's state court action would not have been filed.

For the foregoing reasons, we are satisfied that, under *Crawley,* no parallel state action existed at the time the district court abstained. The absence of a parallel action is, under *Moses H. Cone,* a prerequisite to a

federal court's order of abstention and remand.

Consequently, the judgment of the district court is **REVERSED** and the case is **REMANDED** for further proceedings.