Rodney PARFAIT

v.

NABORS OFFSHORE DRILLING, INC., Nabors Drilling USA, Inc., Nabors Industries, Inc., United Meridian Corporation, Ocean Energy, Inc., and Ocean Energy, Inc. New.

No. Civ.A. G–98–489.

United States District Court,
S.D. Texas,
Galveston Division.

April 8, 1999.

Ronald L White, Brown Sims Wise & White, Houston, TX, for Ron White.

Ted C Litton, Royston Rayzor Vickery and Williams, Houston, TX, for Ted C Litton.

Francis I Spagnoletti, Spagnoletti & Assoc, Houston, TX, for Rodney Parfait.

Thomas J Smith, Galloway Johnson et al, Houston, TX, Andrew Z Schreck, Galloway Johnson et al, Houston, TX, for Nabors Offshore Drilling, Inc.

Thomas J Smith, Andrew Z Schreck, Galloway Johnson et al, Houston, TX, Gregory Guidry, Onebane Bernard et al, Lafayette, LA, for United Meridian Corporation, Ocean Energy, Inc.

Gregory Guidry, Onebane Bernard et al, Lafayette, LA, for Ocean Energy, Inc. New.

Polly A Kinnibrugh, Brown Sims Wise & White, Houston, TX, for The Gray Insurance Company.

Edward A Tucker, Tucker & Clennan, Sugar Land, TX, for Cajun Cutters Inc.

## ORDER DENYING THIRD–PARTY DEFENDANT'S MOTION TO DISMISS OR STAY PROCEEDINGS IN THIRD–PARTY COMPLAINT

KENT, District Judge.

This is a personal injury case arising under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.* ("OCSLA"). Plaintiff filed this claim against Defendants on September 25, 1998. Defendant Nabors Offshore Drilling, Inc. filed a Third–Party Complaint on December 1, 1998, seeking indemnification from Third–Party Defendants Gray Insurance Co. and Cajun Cutters, Inc. Now before the Court is the Motion of Third–Party Defendants Gray Insurance Co. and Cajun Cutters to Dismiss Third–Party Claims Without Prejudice or, in the alternative, Stay Third–Party Claims. For the reasons set forth below, the Motion of Third–Party Defendant Gray Insurance Co. and Cajun Cutters is **DENIED.**

### I. FACTUAL AND PROCEDURAL SUMMARY

In the summer of 1998, Plaintiff Rodney Parfait worked as a welder for Third–Party Defendant Cajun Cutters ("Cajun"), which had contracted to perform work aboard a fixed platform owned by Defendant Ocean Energy ("Ocean"). On June 17, Plaintiff was working near the platform's drilling rig, owned by Defendant Nabors Offshore Drilling, Inc. ("Nabors"), when the rig's drilling unit broke asunder, severely injuring Plaintiff's neck and back. On September 25, 1998, Plaintiff brought suit in the United States District Court for the Southern District of Texas, Galveston Division, for his injuries against Defendants Nabors and Ocean, as owners and operators of the drilling rig and fixed platform, respectively.

Cajun, though not originally named as a Defendant in the underlying lawsuit, figures prominently in the Motion now before this Court. Cajun, a Louisiana corporation, is a contractor that apparently performs substantial work aboard platforms such as the one on which Plaintiff was injured. During the spring of 1998, it executed a master service agreement ("MSA") with Third–Party Defendant Sundowner Offshore Services, Inc. ("Sundowner") that purported to indemnify Sundowner against any injury claims brought by Cajun employees. That contract also required Cajun to maintain liability insurance coverage for Sundowner, for which Sundowner would ostensibly reimburse Cajun. Prior to the execution of the MSA, Cajun's liability insurer, Gray Insurance Co. ("Gray"), had apparently notified Cajun that the contract was potentially illegal under Louisiana law. However, Cajun had proceeded to execute it despite Gray's misgivings. That agreement is what brings these parties before the Court.

The M.S.A. between Cajun and Sundowner apparently provides the basis for Defendant Nabors's third-party claim against Cajun and Gray. The contract, Nabors alleges, obligates Cajun to obtain liability insurance naming Nabors and Ocean as additional insureds. The same M.S.A. also provides the basis for another action now pending in Louisiana. On November 20, 1998, almost two months after the underlying lawsuit was filed in this Court, Gray filed a declaratory judgment action against Cajun, Sundowner, Nabors, and Ocean in Louisiana State Court, seeking a judgment absolving it of its duties to defend and indemnify. Shortly after the declaratory action was filed, Sundowner, Nabors, and Ocean removed it to federal court in the Eastern District of Louisiana. On December 1, 1998, slightly more than two months after the filing of the underlying lawsuit and less than two weeks after the filing of the declaratory judgment action, Nabors filed its third-party complaint against Cutter and Gray. Subsequently, Gray and Cutter each filed Motions to Dismiss or Stay, arguing that Nabors's Third–Party Complaint is duplicative of the declaratory judgment suit pending in Louisiana. Since that time, Gray and Cutter prevailed on a Motion to Remand in

the Louisiana action. That action is now in state court in Terrebonne Parish, Louisiana.

## II. ANALYSIS

■ Gray and Cutter move for dismissal or a stay of proceedings based on the pendency of the declaratory judgment action in Louisiana state court. The question before this Court is whether the Court should exercise its jurisdiction over this third-party action or abstain from doing so. This type of abstention is premised upon "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (*quoting Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). The question of whether a federal court should defer to concurrently pending state court actions involves different considerations than the question of deferral where actions are pending in another federal court. *Id.*; *Evanston Insurance Co. v. Jimco, Inc.*, 844 F.2d 1185, 1190 (5th Cir.1988); *Igloo Products Corp. v. Mounties, Inc.*, 735 F.Supp. 214, 217 (S.D.Tex.1990). Whereas the general principle with respect to parallel federal court proceedings is to avoid duplicative litigation, a pending state court action generally provides no bar to federal court proceedings concerning the same subject matter because of a federal court's "'virtually unflagging obligation'" to exercise its jurisdiction. *See Evanston*, 844 F.2d at 1190 (*quoting Colorado River*, 424

U.S. at 817, 96 S.Ct. at 1246).[1] Consequently, the circumstances that would permit a federal court to abstain from exercising its jurisdiction on the basis of "wise judicial administration" where there is a concurrent state proceeding are very limited. *Id.* (*quoting Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246).

■ The appropriateness of dismissal or a stay of federal proceedings depends upon several factors, including: the assumption by either court of jurisdiction over any res or property; the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; the order in which each forum obtained jurisdiction; whether state or federal law provides the rule of decision on the merits; and whether the state court proceeding will adequately protect the rights of the party that invoked federal jurisdiction. *See id.* (*citing Colorado River*, 424 U.S. at 818–19, 96 S.Ct. at 1246–47; *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25–26, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983)). A court should not analyze these factors as mere items on a "mechanical checklist" but rather as they apply in a particular case, "with the balance weighted in favor of the exercise of jurisdiction." *See Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. at 937. On balance, "[o]nly the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 818–19, 96 S.Ct. at 1246–47. With these admonitions in mind, the Court will address each of the six factors in turn.

### 1) *Jurisdiction over any Res or Property*

The central question of this action involves the interpretation of the contract

---

1. The Court acknowledges that the validity of *Evanston*, a declaratory judgment action, has been called into doubt with respect to declaratory judgment actions by other courts who have questioned whether the analysis used in *Colorado River* and refined in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25–26, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983), should be considered in such actions. *See, e.g., Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94, 95 n. 3 (5th Cir.1992); *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 29 (5th Cir.1989). However, *Evanston* has never been overruled. Moreover, its reasoning with respect to nondeclaratory judgment actions has never been challenged. *See Atlantic Mutual v. IT Corporation*, 842 F.Supp. 910, 912 n. 3 (M.D.La. 1994). It is this Court's understanding that in such circumstances *Evanston* remains binding law in this Circuit.

between Cajun and the first-party Defendants. It does not involve any res or property over which either this Court or the Louisiana state court has taken control. Consequently, the absence of this factor disfavors abstention. *See Evanston*, 844 F.2d at 1191 (*citing Moses H. Cone*, 460 U.S. at 19, 103 S.Ct. at 938–39) (stating that absence of a res or any property is not a neutral factor but rather "speaks against abstention").

### 2) *Inconvenience of One Forum Relative to the Other*

In assessing the relative convenience of the two forums, the Court assigns primary weight to the physical proximity of the federal forum to the evidence and witnesses. *See id.* The essential question is not whether Louisiana is a more convenient forum but whether the inconvenience of this forum is "so great that this factor points toward abstention." *See id.*

Third–Party Defendants Gray and Cajun are both Louisiana corporations. Nabors is a Delaware corporation with its principal place of business in Texas. To the extent that the insurance coverage issues require the testimony of witnesses employed by any of these parties, Terrebonne Parish does not appear to be substantially more central to the litigation than Galveston. While Terrebonne Parish may indeed be more convenient to some of the parties and their potential witnesses, it is not more convenient for all of the parties. The Court concludes that any inconvenience imposed by this forum is not so great as to favor abstention.

### 3) *Desirability of Avoiding Piecemeal Litigation*

Because this case involves jurisdiction over a contractual dispute rather than a res or property, there is no danger of inconsistent rulings affecting property ownership. Consequently, the interest in avoiding piecemeal litigation does not favor abstention. *See id.* at 1192. The existence of a pending suit in Louisiana does present the risk of duplicative litigation. However, the prevention of duplicative litigation is not a factor to be considered in an abstention determination. *See id.* (*citing Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246).

### 4) *Order in which Jurisdiction was Obtained*

This factor involves more than a determination of which complaint was filed first. More important is the question of how far the two actions have progressed. *See id.* at 1190 (*citing Moses H. Cone*, 460 U.S. at 21, 103 S.Ct. at 940). Although the Louisiana action was filed on November 20, 1998, almost two weeks before Nabors filed its Third–Party Complaint in this Court, it was removed to Louisiana federal court almost immediately. From there it was remanded only on March 30, 1999. On the other hand, litigation in this Court has continued unabated with respect to both this claim and the underlying personal injury claim. Jury trial is set for July 26, 1999, and the parties are engaged in mediation efforts. Consequently, this factor weighs against abstention.

### 5) *Whether State or Federal Law will be Applied*

Nabors has alleged a cause of action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"). The presence of a federal law issue weighs heavily against abstention. *See id.* at 1193 (*citing Moses H. Cone*, 460 U.S. at 26, 103 S.Ct. at 942).

### 6) *Adequate Protection in State Court*

There is no reason to believe that Nabors or any of the other Defendants would not be adequately protected in the Louisiana state court action. However, this factor can never favor abstention; at best, it can only be a neutral factor. *See id.* Consequently, it does not favor abstention.

Considered together, none of the *Colorado River–Moses H. Cone* factors sup-

ports abstention. Consequently, the Court concludes that ordering a dismissal or stay of the Third–Party Complaint in this action would not be proper. Third–Party Defendants' Motion to Dismiss or Stay Proceedings is therefore **DENIED.**

### III. CONCLUSION

For the above reasons, Third–Party Defendants' Motion to Dismiss or Stay Proceedings is **DENIED.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. **IT IS SO ORDERED.**