Kenneth A. GONZALES

v.

**THE O/S VESSEL BRAZOS PILOT,
Brazos Pilot Association, Max
Blanton and John Gunning.**

No. CIV. A. G–99–085.

United States District Court,
S.D. Texas,
Galveston Division.

July 15, 1999.

Calvin Wayne Holder, C Wayne Holder & Associates, Freeport, TX, for Kenneth A Gonzales.

Randy Edward Moore, Wommack Denman & Moore, Lake Jackson, TX, George

D Martin, Martin & Garza, Galveston, TX, for O/S Vessel Brazos Pilot, Brazos Pilot Association, Max Blanton, John Gunning, defendants.

Ted C. Litton, Royston Rayzor Vickery and Williams, Houston, TX, mediator.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM

KENT, District Judge.

Plaintiff, a licensed branch pilot for the ports of Brazoria County, Texas, brings this action to recover for injuries he allegedly sustained when he slipped and fell aboard the harbor vessel FREEPORT PILOT during a docking attempt. Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim on May 7, 1999. The Court subsequently granted Plaintiff leave to file an Amended Complaint, which Plaintiff did on June 15, 1999. To the extent that Defendant's Motion to Dismiss remains properly before the Court, that Motion is DENIED for the reasons set forth below.

### I. FACTUAL SUMMARY

Plaintiff is a harbor pilot in the Brazos River Harbor Navigation District. One of only three harbor pilots active in the Navigation District at the time of the incidents forming the basis of this suit, along with Defendants Max Blanton and John Gunning, Plaintiff is also a member and shareholder of the Brazos Pilots Association ("Association"), to which all three pilots belong. The Association is a non-profit organization whose membership is limited to the licensed branch pilots for the ports of Brazoria County. The purposes of the Association include the ownership, management, and operation of equipment used by the pilots, including pilot boats such as the FREEPORT PILOT. According to the Association agreement, each pilot is issued one share of Association stock.

Consequently, Plaintiff has one of three votes in Association decisions.

On February 12, 1996, Plaintiff was performing his pilotage duties according to a schedule established by the Association. After completing one such job, he headed to a dock on the Brazos Harbor aboard the FREEPORT PILOT, which was crewed as always by one person, a Captain Bullington. The tide was low, however, and the vessel's captain had trouble approaching the dock. During one unsuccessful attempt, Plaintiff fell from his docking position on the vessel to the deck, injuring his hip and buttocks.

On February 8, 1999, Plaintiff filed suit against the Association and shareholders Blanton and Gunning, apparently asserting a negligence claim under the general maritime law.

## II. SUBJECT MATTER JURISDICTION

Defendants argue that the incident forming the basis of the lawsuit actually occurred on the dock and that as a consequence, the requirements of admiralty jurisdiction are not met. As it is undisputed that no other basis for subject matter jurisdiction exists, Defendants argue that the lack of admiralty jurisdiction requires the Court to dismiss this action.

■ To determine whether it has admiralty jurisdiction under 28 U.S.C. § 1333, the Court employs a two-pronged test. Under the first prong, the Court determines whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water. *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534, 115 S.Ct. 1043, 1048, 130 L.Ed.2d 1024 (1995). Under the second prong, the Court must consider two issues: (1) whether, based on the "general features of the type of accident involved," the incident has a "potentially disruptive impact on maritime commerce," and (2) whether the general character of the activity giving rise to the incident bears a substantial relationship to traditional maritime activity. *See id. (citing Sisson v. Ruby*, 497 U.S. 358, 363, 110 S.Ct. 2892, 2896, 111 L.Ed.2d 292 (1990)).

■ As alleged in Plaintiff's Complaint, the facts of this case easily satisfy the locality prong. Plaintiff was attempting to disembark from the FREEPORT PILOT to the dock when the vessel moved, causing him to fall backward onto the deck. There is no dispute that the Brazos River Harbor is a navigable waterway. Moreover, Plaintiff alleges that it was the movement of the vessel that caused him to lose his balance. Thus, if Defendants committed a tort, they must have done so while on navigable waters. *Cf. Grubart*, 513 U.S. at 534–35, 115 S.Ct. 1049.

Similarly, the alleged facts of the case satisfy the maritime nexus prong. An injury to a harbor pilot has a potentially disruptive impact on maritime commerce in that it could delay vessel entry into the harbor while there is no harbor pilot on duty to guide vessels in. Moreover, the transportation of a harbor pilot to and from vessels he is guiding into the harbor bears a substantial relationship to traditional maritime activity.

Accordingly, the Court concludes that the requirements of admiralty jurisdiction are satisfied in this case. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **DENIED**.

## III. FAILURE TO STATE A CLAIM

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court accepts as true all well-pleaded allegations in the complaint and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Conley v. Gibson*, 355

U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994). The United States Court of Appeals for the Fifth Circuit has noted that dismissal for failure to state a claim is disfavored and will be appropriate only in rare circumstances. *Mahone v. Addicks Util. Dist. Of Harris County,* 836 F.2d 921, 926 (5th Cir.1988).

As best the Court can determine, Defendants base their Motion to Dismiss for Failure to State a Claim on five arguments. First, Defendants argue that because Plaintiff misidentified the vessel in question as the M/V BRAZOS PILOT, this action must be dismissed. Second, Defendants argue that Plaintiff failed to comply with Rules C(2) and (3) of the Supplemental Rules for Certain Admiralty and Maritime claims because his Complaint was neither verified as required by Rule C(2) nor "pre-reviewed" by the Court under Rule C(3). Third, Defendants argue that Plaintiff possessed the authority to suspend all embarkation and disembarkation during inclement weather. Fourth, Defendants argue that Plaintiff was the owner of the FREEPORT PILOT and was therefore not the beneficiary of any duty of care owed by Defendants. Finally, Defendants argue that the incident forming the basis of this action is also the subject of pending state court litigation and that this Court should essentially abstain from exercising jurisdiction. The Court will address each of these arguments in turn.

■ The Court can address Defendants' first three arguments in summary fashion. Although Plaintiff's Original Complaint named the "O/S VESSEL BRAZOS PILOT" as a Defendant, his Amended Complaint correctly identifies the Defendant vessel as the FREEPORT PILOT. As Plaintiff's Amended Complaint is now the "live" Complaint, Defendant's first argument is no longer a valid basis for dismissal. Second, in filing his Amended Complaint, Plaintiff verified the Complaint in compliance with Supplemen-

tal Rule C(2). Moreover, as Plaintiff does not seek a warrant for the seizure of the FREEPORT PILOT or any property aboard the vessel, it is not necessary that the Court pre-review his Complaint according to Supplemental Rule C(3). Third, with respect to Defendants' argument that Plaintiff had the authority to suspend all embarkation and disembarkation during inclement weather, the Court wishes to remind Defendants that its discretion in deciding Rule 12(b)(6) motions is somewhat constrained. *See Mahone,* 836 F.2d at 926. As this particular argument does not appear easily susceptible of analysis based strictly on the pleadings, the Court instructs Defendants that it appears to be an argument more properly raised at the summary judgment stage, if necessary.

■ The Court thus turns its attention to Defendants' fourth argument, that Plaintiff was an owner of the FREEPORT PILOT and thus was owed no duty of care. Defendant bases this argument on the fact that as a shareholder in the Association, Plaintiff essentially owns the Association and the property it controls. However, Defendant's conclusion does not necessarily follow from that premise. Plaintiff owns only one share in the Association; because the other two shares are controlled by Defendants Blanton and Gunning, he is only a one-third owner. According to his Complaint, Plaintiff is basically frozen out of the decision-making process of the Association because of a two-man bloc formed by Defendants Blanton and Gunning. The essence of his Complaint is that Defendants were negligent in failing to upgrade the Association's equipment and personnel, a policy that Plaintiff advocated to no avail because of his minority position, and that such negligence caused his injury. The Court must accept Plaintiff's well-pleaded allegations as true for the purposes of a 12(b)(6) motion. *See Malina,* 994 F.2d at 1125. Accordingly, the Court finds unpersuasive Defendants' argument that as a

part owner of the Association and the FREEPORT PILOT, Plaintiff cannot as a matter of law be owed a duty of care.

Finally, the Court turns its attention to Defendants' fifth argument, that it should essentially abstain from exercising jurisdiction over this action because of a pending action in state court.[1] The question before this Court is whether the Court should exercise its jurisdiction over this action or abstain from doing so. This type of abstention is premised upon "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (*quoting Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). The question of whether a federal court should defer to concurrently pending state court actions involves different considerations than the question of deferral where actions are pending in another federal court. *Id.; Evanston Insurance Co. v. Jimco, Inc.*, 844 F.2d 1185, 1190 (5th Cir.1988); *Igloo Products Corp. v. Mounties, Inc.*, 735 F.Supp. 214, 217 (S.D.Tex.1990). Whereas the general principle with respect to parallel federal court proceedings is to avoid duplicative litigation, a pending state court action generally provides no bar to federal court proceedings concerning the same subject matter because of a federal court's "'virtually unflagging obligation'" to exercise its jurisdiction. *See Evanston*, 844

F.2d at 1190 (*quoting Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246).[2] Consequently, the circumstances that would permit a federal court to abstain from exercising its jurisdiction on the basis of "wise judicial administration" where there is a concurrent state proceeding are very limited. *Id.* (*quoting Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246).

The appropriateness of dismissal or a stay of federal proceedings depends upon several factors, including: the assumption by either court of jurisdiction over any res or property; the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; the order in which each forum obtained jurisdiction; whether state or federal law provides the rule of decision on the merits; and whether the state court proceeding will adequately protect the rights of the party that invoked federal jurisdiction. *See id.* (*citing Colorado River*, 424 U.S. at 818–19, 96 S.Ct. at 1246–47; *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25–26, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983)). A court should not analyze these factors as mere items on a "mechanical checklist" but rather as they apply in a particular case, "with the balance weighted in favor of the exercise of jurisdiction." *See Moses H. Cone*, 460 U:S. at 16, 103 S.Ct. at 937. On balance, "[o]nly the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 818–19, 96 S.Ct. at 1246–47. With these admonitions in mind, the Court will address each of the six factors in turn.

1. That action is styled *Kenneth Gonzales v. Max W. Blanton, et al.*, and is pending in State District Court for the 23d Judicial District of Brazoria County, Texas.

2. The Court acknowledges that the validity of *Evanston*, a declaratory judgment action, has been called into doubt with respect to declaratory judgment actions by other courts who have questioned whether the analysis used in *Colorado River* and refined in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25–26, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983), should be considered in such actions. *See, e.g., Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94, 95 n. 3 (5th Cir.1992); *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 29 (5th Cir.1989). However, *Evanston* has never been overruled. Moreover, its reasoning with respect to nondeclaratory judgment actions has never been challenged. *See Atlantic Mutual v. IT Corporation*, 842 F.Supp. 910, 912 n. 3 (M.D.La. 1994). It is this Court's understanding that in such circumstances *Evanston* remains binding law in this Circuit.

The Court must first determine whether this action involves any res or property over which either court has taken control. While this suit names the vessel FREEPORT PILOT as an in rem Defendant, Plaintiff has not sought to have the vessel arrested. With respect to the nature of the pending state court action, Defendant's less than thorough Motion to Dismiss offers no description. The Court must thus conclude that the action does not involve any res or property over which either this Court or the state court has taken control. Consequently, the absence of this factor disfavors abstention. *See Evanston,* 844 F.2d at 1191 (*citing Moses H. Cone,* 460 U.S. at 19, 103 S.Ct. at 938–39) (stating that absence of a res or any property is not a neutral factor but rather "speaks against abstention").

■ The Court must next assess the inconvenience of one forum relative to the other. In assessing the relative convenience of the two forums, the Court assigns primary weight to the physical proximity of the federal forum to the evidence and witnesses. *See id.* The essential question is not whether the state court is a more convenient forum but whether the inconvenience of this forum is "so great that this factor points toward abstention." *See id.* Defendants are apparently residents of Brazoria County. The state court suit is obviously convenient for them. However, Brazoria County is within the Galveston Division of the Southern District of Texas, and this Court regularly considers actions arising in Brazoria County. The Court thus concludes that any inconvenience imposed by this forum is not so great as to favor abstention.

■ Third, the Court must weigh the possibility that exercising jurisdiction over this case would result in piecemeal litigation. Because this case involves jurisdiction over a tort action rather than a res or property, there is no danger of inconsistent rulings affecting property ownership. Consequently, the interest in avoiding piecemeal litigation does not favor absten-

tion. *See id.* at 1192. The existence of a pending suit in state court does present the risk of duplicative litigation. However, the prevention of duplicative litigation is not a factor to be considered in an abstention determination. *See id.* (*citing Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246).

■ Fourth, the Court must consider the order in which jurisdiction was obtained. This factor involves more than a determination of which complaint was filed first. More important is the question of how far the two actions have progressed. *See id.* at 1190 (*citing Moses H. Cone,* 460 U.S. at 21, 103 S.Ct. at 940). Defendants' cursory Motion for Dismissal includes no discussion of the status of the state court action. Meanwhile, the action in this Court is fast moving toward a bench trial setting for December 6, 1999. Consequently, based on the facts known to the Court at this time, this factor weighs against abstention.

Fifth, the Court must address the question of whether state or federal law will be applied. Plaintiffs have asserted admiralty jurisdiction. Consequently, this action is governed by general maritime law. This factor weighs strongly against surrender of federal jurisdiction.

Finally, the Court must consider whether the parties will receive adequate protection in state court. Based on the limited information in the Court's possession, there is no reason to believe that Defendant would not be adequately protected in the state court action. However, this factor can never favor abstention; at best, it can only be a neutral factor. *See id.* Consequently, it does not favor abstention.

■ Each of the *Colorado River–Moses H. Cone* factors weighs strongly against dismissal in favor of the state court litigation. Accordingly, the Court concludes that Defendants' abstention argument does not favor dismissal. Because none of Defendants' other arguments in support of their Motion to Dismiss justifies

dismissal under Rule 12(b)(6), Defendants' Motion to Dismiss for Failure to State a Claim is **DENIED.**

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion to Dismiss for Failure to State a Claim are each **DENIED.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**