AMERICAN HOME ASSURANCE COMPANY, Plaintiff,

v.

ROXCO, LTD., Loftin Constructors, Inc., Benjamin O. Turnage, Jr. and First Tennessee Bank National Association, Defendants.

No. 3:99CV285LN.

United States District Court, S.D. Mississippi, Jackson Division.

Oct. 6, 1999.

James M. Mulvaney, Adam R. Schwartz and Peter W. Smith, McElroy, Deutsch & Mulvaney, Morristown, NJ, Kenneth G. Perry, Shell, Buford, Bufkin, Callicutt & Perry, Jackson, MS, Charles Clark, George R. Fair, John L. Low, IV, Watkins & Eager, Jackson, MS, for plaintiff.

Dennis C. Sweet, III, Shane F. Langston, Henry Tobias Coleman, Langston, Frazer, Sweet & Freese, Jackson, MS, Sheryl M. Bey, Baker, Donelson, Bearman & Caldwell, Jackson, MS, John C. Speer, Baker, Donelson, Bearman & Caldwel, Memphis, TN, Kenneth G. Perry, Shell, Buford, Bufkin, Callicutt & Perry, Jackson, MS, for defendants.

*MEMORANDUM OPINION
AND ORDER*

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of defendants Roxco, Ltd. (Roxco), Loftin Constructors, Inc. (Loftin) and Benjamin O. Turnage, Jr. to dismiss or, in the alternative, stay litigation. Plaintiff American Home Assurance Company (AHA) has responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, with attachments, along with additional pertinent authorities, concludes that defendants' motion should be denied for the reasons that follow.

On April 13, 1999, Roxco, a public works contracting company, together with Loftin, Roxco's parent company, and Turnage, Roxco's founder and CEO, filed suit in the Circuit Court of Jefferson County, Mississippi against a number of defendants, including American Home Assurance Company (AHA) and a number of AHA affiliates, charging, *inter alia,* that these defendants, which beginning in 1994 had issued performance bonds to Roxco on numerous Roxco projects, fraudulently and/or negligently misrepresented that they would underwrite Roxco's "future surety needs" so as to induce Roxco to switch surety companies; that they thereafter breached their commitment to bond Roxco's projects; breached their duties under the terms of the bond agreements; breached their duty of good faith and fair dealing, and their fiduciary duty to Roxco; tortiously interfered with Roxco's existing and prospective business relations with Roxco's primary lender, First Tennessee Bank; fraudulently induced Roxco to sign "default letters" which they then distributed to owner's of Roxco projects, which also constituted defamation of Roxco to the project owners; and finally, that defendants converted property and funds (accounts receivable) of Roxco. Roxco, Loftin and Turnage requested a declaratory judgment that a "General Agreement of Indemnity" in favor of the sureties was

void, as having been procured by fraud, and sought, additionally, compensatory and punitive damages of $200,000.

The AHA defendants removed the suit to federal court—and specifically to the Southern District of Mississippi, Western Division—on April 28, 1999, claiming that one of the defendants, Southeast Bonding and Insurance Company, had been fraudulently joined to defeat diversity jurisdiction, and asserting, as well, the presence of federal question jurisdiction. In the interim, on April 23, 1999, AHA filed the present action in this court—the Southern District of Mississippi, Jackson Division—against Roxco, Loftin and Turnage, the plaintiffs in the state court (and subsequently removed) action, alleging, *inter alia*, breach of the indemnity agreement. AHA also named as a defendant in this suit First Tennessee Bank, which was not a party to the state court suit, seeking a declaratory judgment that AHA's security interest in certain Roxco assets has priority over First Tennessee's competing security interest.

On May 5, the various defendants filed answers to the complaint in the removed action; AHA included with its answer a counterclaim against Roxco, Loftin and Turnage asserting much the same claims and requesting much the same relief as in this action.

On May 13, Roxco, Loftin and Turnage filed the present motion, urging the court to dismiss, or alternatively, stay this litigation in keeping with the principle, recognized in numerous cases, that it is "[o]rdinarily ... uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties [since] [g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *PPG Indus., Inc. v. Continental Oil Co.,* 478 F.2d 674, 679–80 (5th Cir.1973). On May 28, 1999, subsequent to their filing of the motion to dismiss or stay this case, Roxco, Loftin and Turnage filed a motion to remand in the removed case which remains pending for decision.[1]

The Roxco defendants have not been especially clear as regards the legal basis for their motion to dismiss or to stay. The sole authorities they cite in their motion and accompanying brief are cases which have established and applied the standard for federal court abstention in declaratory judgment actions and actions seeking solely equitable relief where parallel state court litigation is pending. More to the point, they purport to rely on *Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), and *PPG Industries, Inc. v. Continental Oil Co.,* 478 F.2d 674 (5th Cir.1973), in support of their motion to dismiss or stay.[2] Thus, though no such specific contention appears in their motion or memorandums, one would presume that their motion is premised, in part, on a characterization of AHA's complaint as seeking solely equitable relief since the point of *Brillhart* and *PPG* is a recognition of the discretionary power of a federal court to abate an action *solely* for equitable relief in deference to a parallel state action. *See PPG Indus.,* 478 F.2d at 681 (holding that "in an equity suit, the

---

1. A review of the record in that case reveals that discovery relating to the remand issues is ongoing, and that briefing on the remand motion has not yet been completed. The date for responding to the motion was originally extended by the court to August 16, 1999, but on that date, an order was entered directing that the response date would be re-set to a date upon which the parties were to agree. It does not appear that any further order has been entered rescheduling the date on which a response to the remand motion is due to be filed.

2. Under *Brillhart,* "abstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute." *Southwind Aviation, Inc. v. Bergen Aviation, Inc.,* 23 F.3d 948, 951 (5th Cir. 1994).

federal district court has the power to stay its hand pending the outcome of a parallel state action"); *see also Dinzik v. Hanson Galleries*, 553 F.Supp. 547, 548 (S.D.Tex. 1982) (citing *Brillhart* for proposition that "the federal court has discretion not to hear an action when a suit is pending in state court between the same parties which will dispose of the issues in dispute between the federal litigants," and citing *PPG* for proposition that "[t]his rule applies to cases in equity ... involving requests for declaratory and injunctive relief from the federal court.").[3] However, a review of AHA's complaint in this cause discloses that AHA has not only requested equitable relief in the way of a declaratory judgment and injunction, but it has also demanded more than $50,000,000 in monetary damages for the Roxco defendants' alleged breach of their indemnity agreement. The Fifth Circuit has made it clear that where there is parallel federal and state litigation and the plaintiff's federal complaint seeks "coercive" remedies in addition to equitable relief, the *Brillhart* analysis does not apply and instead, the

proper abstention analysis is the more restrictive "exceptional circumstances" test of *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), under which the district court's discretion to abstain is "narrowly circumscribed." *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir.1994) (quoting *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246).[4] It is apparent, therefore, that the Roxco defendants' reliance on *Brillhart* and its progeny in support of its request for dismissal or a stay is misplaced.

In addition to their implicit erroneous characterization of AHA's claims, defendants' motion proceeds from another incorrect premise, namely, that there exists parallel state court litigation in favor of which this court should abstain. Given that the putative parallel state court action upon which defendants' motion is predicat-

---

**3.** In addition to their citation to *Brillhart* and *PPG*, the Roxco defendants have cited *Dinzik*, and *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 126, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), both of which, like *Brillhart* and *PPG*, involved parallel state and federal court cases in which the only relief sought was equitable. They also rely on *Aetna State Bank v. Altheimer*, 430 F.2d 750, 756 (7th Cir.1970), which articulated a broad abstention standard for federal courts in all cases, regardless of the nature of the relief sought, based on the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." The Roxco defendants fail to note, though, that *Aetna* was decided before *Colorado River* and was subsequently overruled by the court in *Calvert Fire Insurance Co. v. Will*, 560 F.2d 792, 796 (7th Cir.1977), upon the *Will* court's determination that "[t]he rationale developed in *Aetna* can no longer stand in light of the Supreme Court's decision in *Colorado River*." For the same reason, the Roxco defendants' reliance on *Weber v. Consumers Digest, Inc.*, 440 F.2d 729 (7th Cir.1971), is not well founded, since *Weber*, though not expressly overruled like *Aetna*, was decided before *Colo-*

*rado River* and relied specifically and exclusively on *Aetna* —which has been overruled— for its conclusion that a stay should have been granted.

**4.** In *Southwind Aviation*, 23 F.3d at 949, whereas the district court found abstention was appropriate under *Brillhart* because of ongoing state litigation involving the same subject matter, issues, and essentially the same parties, the Fifth Circuit reversed, finding that the district court had "mistakenly characteriz[ed] [the case] as a declaratory judgment action," and thus had applied the wrong abstention standard. The court determined that,

> [a]lthough some of the relief sought by [the plaintiff] was declaratory in nature, [the plaintiff] also request[ed] coercive remedies for the breach of contract in the form of damages, attorney's fees, and injunctive relief. Inclusion of these coercive remedies indisputably removes this suit from the ambit of a declaratory judgment action.

*Id.* at 951. Therefore, the court remanded the case to the district court so that it could decide "whether abstention [was] warranted in light of the appropriate standards of *Colorado River* and *Moses H. Cone*." *Id.* at 951.

ed is no longer a *state court* action at all but is instead now a federal action, having been removed from state to federal court where it remains pending, there simply is no pending state court action—parallel or otherwise—in favor of which this court might abstain. Consequently, the only abstention doctrine of potential applicability in the event the allegedly parallel litigation were still pending in state court, i.e., the *Colorado River* abstention doctrine, provides no basis for abstention at this time. *See Noonan South, Inc. v. County of Volusia*, 841 F.2d 380, 382 (11th Cir.1988) (reversing district court's *Colorado River*—based abstention order, observing that case "[did] not even fit within the *Colorado River* framework" since the putative parallel state court action in favor of which district court had abstained had been removed to federal court where it remained pending a ruling on a motion to remand); *cf. Baskin v. Bath Township Bd. of Zoning Appeals*, 15 F.3d 569, 571 (6th Cir. 1994) ("A necessary requirement for application of th[e] *Colorado River* doctrine ... is the presence of a parallel, state proceeding," and where the state court case, "as it currently exists," is not a parallel state-court proceeding, even though it could perhaps be modified so as to make it parallel to the current federal claim, *Colorado River* abstention is not proper).[5]

In *Colorado River*, the Supreme Court emphasized that as a general rule, a federal court may not abstain from jurisdiction simply because there are concurrent parallel proceedings in a state court. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 589 (5th Cir.1994). The Court recognized that "because of the 'virtual unflagging obligation of the federal courts to exercise the jurisdiction given them,'" as between federal and state courts, the applicable rule in that " ' "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." ' " *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999) (quoting *Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236, 47 L.Ed.2d 483). The Court recognized that in " 'extraordinary and narrow' circumstances, a district court may abstain from exercising jurisdiction over a case when there is a concurrent state proceeding, based on considerations of ' " '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' " ' " *Id.* at 737–38 (quoting *Colorado River*, 424 U.S. at 813, 816, 96 S.Ct. 1236, 47 L.Ed.2d 483). But under *Colorado River*, unless "exceptional circumstances" exist, a federal court will not abstain in favor of parallel state litigation.

Whether a federal court should defer to another pending federal court action involves different considerations from those involved when the court decides whether to abstain in favor of pending state litigation. Whereas "the pendency of a state court action is ordinarily 'no bar to proceedings concerning the same subject matter in the Federal court having jurisdiction'", "[a]s between federal district courts, 'the general principle is to avoid

---

5. Though there are a number of other recognized abstention doctrines, none of these others has any conceivable applicability here. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (*Younger* abstention applies when federal court jurisdiction would interfere with pending criminal, civil or administrative state proceedings, and requires that pending state proceeding be ongoing and judicial in nature); *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) (under *Burford* abstention doctrine, a federal court sitting in equity should decline to interfere with proceedings or orders of state administrative agencies when difficult questions of state law bear on policy problems of substantial public import whose importance transcends the result in the case at bar or where the exercise of federal review would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern); *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) (*Pullman* abstention doctrine recognizes that federal courts should abstain when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided).

duplicative litigation'". *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1190 (5th Cir.1988) (quoting *Colorado River*, 424 U.S. at 817, 818, 96 S.Ct. at 1246). *See also Parfait v. Nabors Offshore Drilling, Inc.*, 46 F.Supp.2d 677, 679 (S.D.Tex.1999) (citing *Evanston*).[6] "Therefore, ... 'the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention" in parallel federal court litigation. *Id.* at 1190.

The problem in this case, of course, is that until there has been a ruling on the motion to remand in Case No. 5:99cvBrS the analysis that should apply to defendants' request for dismissal or stay cannot be known since until that motion is resolved, this court cannot know whether it is considering if it should defer to parallel state litigation or if it should defer to a parallel federal action. In their rebuttal memorandum, the Roxco defendants acknowledge this difficulty,[7] and suggest that in light of this circumstance, this court ought to stay consideration of the present motion until there has been a ruling on the remand motion in Case No. 5:99cv98BrS.

Were the court inclined to conclude that abstention would be in order based on the *Colorado River* analysis in the event Case No. 5:99cvBrS were remanded, the court would indeed deem it the more prudent course to await a decision on the motion to remand prior to proceeding to rule on the present motion. However, since the court is of the opinion that no "exceptional circumstances" exist in this case which would warrant abstention pursuant to *Colorado River* were Case No. 5:99cv98BrS actually pending in state court, i.e., in the event of remand, the court perceives no need to postpone its ruling on this motion.

■ In *Colorado River*, the Supreme Court set forth six factors that the court may consider and weigh in deciding whether exceptional circumstances exist that would permit the court to decline exercising jurisdiction: (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Murphy*, 168 F.3d at 738.[8] "The decision whether to surrender jurisdiction because of parallel state court litigation does not rest on a 'mechanical checklist' of these factors, but on a 'careful balancing' of them, 'as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Id.* at 738 (quoting *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. at 937). *See also RepublicBank Dallas, N.A. v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir.1987) ("only the clearest justifications will warrant the federal court's staying its hand").

Turning to the *Colorado River* factors, since this case "does not involve any res or

---

6. *See also Parfait v. Nabors Offshore Drilling, Inc.*, 46 F.Supp.2d 677, 679 and n. 1 (S.D.Tex.1999) (noting that with respect to declaratory judgment actions, validity of *Evanston* has been called into doubt by other courts which have questioned whether the *Colorado River* analysis applies in such actions, but observing that *Evanston* has never been overruled and that in any event, its reasoning with respect to non-declaratory judgment actions has never been challenged).

7. Defendants implicitly agree that if their remand motion in Case No. 5:99cv98BrS were to be granted, then the *Colorado River* abstention analysis would apply, while if their motion is denied, the court would decide whether this case should proceed based on this general principle of avoiding duplicative federal litigation.

8. The last two factors were actually added to the test by the Court in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25–26, 103 S.Ct. 927, 942, 74 L.Ed.2d 765 (1983).

property over which any court, state or federal, has taken control," the first *Colorado River* factor "weighs against abstention." *Murphy*, 168 F.3d at 738 (citing *Evanston*, 844 F.2d at 1191, and explaining that "[t]he absence of this factor is not ... a 'neutral item, of no weight in the scales' but rather 'weighs against abstention'"). Likewise, since both this and the state forum (assuming the case were to be remanded) are both in south Mississippi and appear equally convenient, this factor also weighs against abstention. *Id.* (absence of second factor weighs against abstention).

In *Evanston*, the court intimated that the "avoidance of piecemeal litigation" factor might weigh in favor of abstention only in cases which "involve jurisdiction over a res or property," since only in such cases is "there ... a danger of inconsistent rulings affecting property ownership." *Evanston*, 844 F.2d at 1192. *See also Gonzales v. O/S Vessel Brazos Pilot*, 56 F.Supp.2d 770 (S.D.Tex.1999) ("Because this case involves jurisdiction over a tort action rather than a res or property, there is no danger of inconsistent rulings affecting property ownership. Consequently, the interest in avoiding piecemeal litigation does not favor abstention."); *Compare Murphy*, 168 F.3d at 738 ("These cases do not involve piecemeal litigation, i.e., there is no more than one plaintiff, one defendant, and one issue."); *Trejo*, 39 F.3d at 589 ("This case does not satisfy any of the [third] *Colorado River* factor[ ] since it does not involve (3) piecemeal litigation, i.e. no more than one plaintiff, one defendant, and one issue"). Even assuming that this factor may be properly applied in cases which do not involve jurisdiction over a res or property, the court in this case is not persuaded that avoidance of piecemeal litigation is a concern. The concern of the third factor is the avoidance of litigation which is piecemeal, not litigation which is merely duplicative. *Id.* at 738 (quoting *Evanston*, 844 F.2d at 1192) (" 'The prevention of duplicative litigation is not a factor to be considered in an abstention determination.' ").

Although the state court obtained jurisdiction first, because nothing of substance occurred while the case was in state court (and the only activity in the case since removal has been discovery relative to the motion to remand), this fourth factor does not militate in favor of abstention. *See Evanston*, 844 F.2d at 1192 (order of jurisdiction irrelevant where "very little had occurred in the ... parallel state proceedings").

AHA argues that the fact that this case involves a question of federal law is a factor which would militate strongly against dismissal in deference to the state court action. While the court is not necessarily persuaded that the case actually does involve any federal issues, the absence of such issues alone "cannot justify *Colorado River* abstention in a suit which is properly before the federal court on the basis of diversity[,][for][a]s the *Moses Cone* Court observed, only in 'rare circumstances [will] the presence of state-law issues ... weigh in favor of ... surrender.' " *Trejo*, 39 F.3d at 590; *Murphy*, 168 F.3d at 739 (quoting *Evanston* ) ("The presence of a federal law issue 'must always be a major consideration weighing against surrender [of jurisdiction],' but the presence of state law issues weighs in favor of surrender only in rare circumstances.").

Were the state court forum inadequate for the protection of AHA's rights, that factor would weigh against abstention, for the final *Colorado River* factor, adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction, "can only be 'a neutral factor or one that weighs against, not for, abstention.' " *Murphy*, 168 F.3d at 739 (quoting *Evanston*, 844 F.2d at 1193). "However, even if this factor weighed in favor of abstention, alone it would not be sufficient to present the 'exceptional circumstances' required for the district court to decline to exercise its jurisdiction." *Id.*

Based on the foregoing, the court concludes unreservedly that *Colorado River* abstention would not be justified in the case, even if Case No. 5:99cv98BrS were remanded. If the case is not remanded, it will still be pending in federal court and the principle of avoiding duplicative litigation among the federal courts would bear on the propriety of proceeding further with this case. In this regard, the rules clearly empower the court to consolidate related actions from different divisions within the district, *see* Fed.R.Civ.P. 42 and Local Rule 42.1 ("Cases involving a common question of law or fact may be consolidated upon order of the court, and [c]onsolidation of cases from different divisions of this Court shall be controlled by the earliest filing date."); and in fact, the court may order consolidation in an appropriate case even without a motion by a party, *see Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir.1984) ("A motion to consolidate is not required; the court may invoke Rule 42(a) sua sponte.").[9] Thus, should it ultimately be concluded that Case No. 5:99cv98BrN was properly removed, then it may be that at that time, consolidation of these cases will be in order. Unless and/or until that happens, however, consolidation is not a viable option. *See Appalachian Power Co. v. Old Heritage Corp.*, 364 F.Supp. 1273, 1277 (W.D.Va.1973) ("[I]f plaintiff's action ... is not proper for removal it is not 'pending before the Court', and this court has no authority to consolidate an action of which it has jurisdiction with one [of] which it does not."); *cf. Hernandez–Lopez v. Puerto Rico*, 27 F.Supp.2d 302, 309 n. 8 (D.P.R.1998) (declining to address propriety of consolidation of case found to have been improvidently removed with a related case pending in the district since "it is well-settled that an action which is improvidently removed may not be consolidated

with another over which the Court does have jurisdiction").

Based on the foregoing, the court will deny the Roxco defendants' motion to dismiss or, alternatively, to stay this case.

---

9. "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 602 (5th Cir.1999).